Spear, C. J.
At request of plaintiff the circuit court made a finding of facts separate from its conclusions of law. A bill of exceptions was also taken by plaintiff. From this finding it appears, among other things, that on the decree rendered in the court of common pleas of Holmes county in the case of Oliver v. Canan et al., May 19, 1885, there is due Oliver from Canan the sum of $3,508.00, and interest.
The suit of Canan against McCool and Oliver in the court of common pleas of Richland county was commenced about the time of the commencement of Oliver’s suit against Canan in Holmes county to recover judgment on the alleged balance due on his former judgment — the present case. Judgment was rendered by the common pleas of Richland in favor of Canan September 26, 1900, for $7,881.43, hut this judgment, was reduced by the circuit court on review to $5,300.00, and interest and costs, at the January term, 1901.
March 28, 1902, execution was issued and the personal property of Oliver levied upon and advertised for sale. April 18,1902, the circuit court granted an order restraining Canan from selling the property, but upon the condition that Oliver pay one-half of the amount of the judgment to J. C. Laser and A. A. Douglas, attorneys fob Canan, for services in recovering the judgment (they having a contract with Canan for that amount as compensation, and an assignment of the judgment), and upon the further condition that Oliver execute a bond in $4,000.00 to secure the payment of the other half of the judgment in the event that Canan should prevail in the final trial, and, both of which conditions, being complied with, the execution was returned.
*364 The Richland county judgment was against. McCool as principal and Oliver as surety or guarantor. McCool is a non-resident of the state and has no property within the state subject to execution. Canan is insolvent.
There were several trials of the suit of Canan v. McCool and Oliver and several verdicts and judgments, all save the last one hereinbefore recited having been set aside. After each verdict and judgment an assignment of the same by Canan was made to Laser.. They were based upon a valuable consideration, were in due form and were filed with the clerk and entered upon the judgment docket. Aside from the consideration arising from Laser’s interest as attorney of record in the case, and from the contract he and his colleague (Douglas) had with Canan for- fees; the assignment of the -Richland county judgment to Laser rested upon the sale and transfer of certain land in Ashland county, at the time owned by Laser, the deed, however, being made sometime after the date of the assignment, to the wife of John D. Canan, and the only consideration for .that deed was the assignment of the Richland county judgment.
The judgment in favor of Oliver against Canan became and was dormant at the time of the assignment by Canan to Laser of the judgment of Canan v. McCool and Oliver because no execution had issued upon it within five years.
Upon its- findings- of fact the circuit court held as conclusion of law that “the dormant judgment in favor of Paul Oliver against John D. Canan could not be set off against the living judgment of John D. Canan against said Paul Oliver. A dormant judgment would not be entitled so long as it remained *365 dormant to be set off against a living judgment, and that is the situation that existed at the time Laser obtained this assignment of Ganan’s interest in the judgment and cause of action and so continued and existed until the judgment was rendered in this action in the common pleas court on the original judgment. Therefore we hold that.there were no equities existing in favor of'"Paul Oliver to have this judgment set off against the judgment of John D. Canan at the time J. O. Laser became the owneir of the Richland county judgment. And the revivor of that judgment afterwards, or rendition of the new judgment upon it, would give no rights antedating the date of the revivor or the rendition of the new judgment. The injunction is dissolved and the petition dismissed at plaintiff’s costs.”
The contention of plaintiff in error is that the findings of fact do not support the judgment rendered but require a judgment for plaintiff upon two grounds: 1, that the dormancy of Oliver’s judgment, if it was in law dormant, did not deprive the party of the right of set-off; and, 2, that the judgment was in legal effect a decree in chancery and therefore the fact that no execution had issued within the time the statute requires execution in order to keep a judgment at law alive, could not have the effect of rendering the decree dormant.1
Counsel for defendant in error, however, present and insist upon an essentially different phase of the case, and it may be well to consider the adverse claims before giving special attention to those of the plaintiff. In short counsel maintain that while the action of the circuit court in deciding for the, defendant is right it can rest' upon other and better grounds than the grofind stated. One proposition *366 is that the Holmes comity court had no jurisdiction to consider the demand of set-off because that'matter should have been set up in the Eichland county case. We do not so understand the law. The proposition seems to confuse set-off with counterclaim. There is an essential difference. A counterclaim is a cross-action arising out of the contract or transaction set forth as the foundation of the adversary’s claim, and as to such demand the right to set it up may well be limited to the case in which it arises; but a set-off is a distinct cause of action existing in favor of a defendant, and on which he might maintain his action irrespective of any suit against him, and as to such a claim the right to assert it is not limited to the suit brought by the opposite party.
Again it is urged that the court was without jurisdiction to adjudicate the rights of Mr. Laser, the assignee of the judgment, because he was not made a party. Whatever. force there might be in this proposition had it been urged to the' trial court originally, we think it should have none here as an objection to the jurisdiction. That gentleman was attorney for Canan not only in the Eichland county litigation, but in the second case in Holmes county, and was a witness against the plaintiff in the trial in the circuit court, and his several assignments of the Eichland county judgment to him were given in evidence, and his rights necessarily considered. The claim seems to lack substance from the viewpoint of a reviewing court. And this conclusion is reached with full appreciation of the fact that, in his testimony, Mr. Laser makes it clear that at the time he took the first assignment from Canan, the one given just after the first trial of the case in Eichland county, March, 1898, he did not know of *367 the indebtedness of Canan to Oliver, although he did know of such indebtedness at the time he took the last assignment, that given upon the rendition of final judgment, September 26, 1900, and knew it long before the land was in fact conveyed to Mrs. Canan; and of the further fact that Canan in his testimony disclaims any interest in the judgment.
It is further insisted that the record will show that the true amount of the judgment of Oliver against Canan was very much less than (about half), of that claimed and set up by Oliver, and that a careful inspection will show that the true amount has been paid. We have endeavored to make a careful inspection of the record to determine this proposition. In this examination we have not lost sight of the first defense of the answer where the averment of the petition as to the amount of the judgment of Oliver v. Canan is denied, and, had the answer rested there it might be that the finding of the circuit court as to the amount of that judgment would not be supported by the evidence. But the allegations of the third defense are to be considered in connection with those of the first defense, and the inference to be drawn from those allegations clearly is that the judgment actually entered was exactly the amount set up by Oliver in his petition. With that admission in the answer the burden of showing that this amount was wrongfully and fraudulently entered, as was also the burden of proving payment as set up in the second defense, was upon the defendant. Now counsel should understand that this court is reviewing the action of the circuit court wholly and only upon the record of the circuit court made upon the trial there, for the cause was tried de novo in that court. Most distinctly we are not reviewing it *368 upon the record of the common pleas court to which counsel make such frequent reference in their brief, or any part of it (the appeal.and the trial in pursuance of it having effectually disposed of the judgment of the common pleas and of the attempt to maintain error to that judgment), and it is but the cold truth to say that neither in the finding of facts nor in the bill of exceptions taken in the'circuit court is there a syllable to indicate any fraud, or attempt at fraud, in making up the record in the original case, nor to support any claim' of payment not admitted by the plaintiff. Hence the circuit court’s finding as to the amount due stands unassailed.
We come, therefore, after' a somewhat lengthy journey in what seems to be a field of the inconsequential, to the real question in the case. Did the circuit court err in its conclusion of law as stated by the court, and in its judgment? We think that court did err in both respects, and will briefly indicate some reasons in support of our conclusion. ' At the time of the transaction shown by the record Oliver had an unsatisfied' balance of judgment against Canan upon which he could maintain a separate actioh, especially if, as held by the circuit court, the judgment had become dormant, and for that reason required to be revived in order to warrant execution. That is, Oliver had an existing cause of action. Now oúr statute with respect to set-off, section 5071, Revised Statutes, defines a set-off as a cause of action arising on contract or ascertained by the decision of a court. Oliver’s claim had both characteristics. It was founded on contract and had been'ascertained, that is, put in the form of a judgment, by the decision of the court. The claim, therefore, answered every possible re *369 quirement, giving effect to the statute. What had the dormancy of the judgment to do with the efficacy of the claim as a cause of action one way or the other? We can discover none. True, an execution might not issue on it, but an execution cannot issue on a promissory note, or on an open book account, and yet no lawyer would for a moment doubt that a note or account held by a defendant against a plaintiff could be set up as a defense, entire or partial, to a demand made by a plaintiff in an action founded on contract, which was.the nature of Canan’s claim upon which judgment was rendered in the Richland county courts. Nor could the fact that that claim had passed into judgment change the rights of the parties. The setting off of one judgment ■ against another is so familiar in courts of equity as to render discussion of the matter wholly needless. And dej cisions of courts and declarations of text-writers in support of this general conclusion are abundant. Our conclusion is that the learned circuit court was clearly in error in holding that the dormancy' of Oliver’s judgment prevented its. allowance as a set-off.
But how stands the case in view of the assignment of the Richland county judgment to Laser? The record shows that, at the time of the commencement of the action of Canan v. McCool and Oliver the latter had a cross-demand against Canan; that Oliver, in the contract sued on, was surety for McCool, and that therefore whatever judgment might be rendered in the case would be a several judgment as in fact the judgment was. Any claim based on contract or decision of a court which either McCool or Oliver had against Canan might therefore be interposed by such debtor as a set-off, and Oliver’s judg *370 merit■.against Canan was such a claim. Manifestly-the situation was one to which the statute would apply. Section 5073, Revised Statutes, provides that:- ‘£ When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, * * * but the two demands must be deemed compensated so far as they equal each other.” Applying this statute to the facts it is manifest that the assignee of Canan’s judgment could stand in no better position than could Canan himself unless his ignorance of Oliver’s claim at the time he took the assignment alters the situation. We think it does not. The statute is plain. Its language is imperative. “Neither can be deprived of the benefit thereof by assignment,” and “the demands must be deemed compensated so far as they equal each other.” It follows,' therefore, that a party who takes an assignment under such circumstances takes it in the face of this statute with all the risks incident to the situation. Decisions of courts of other states are cited which hold to the contrary of this proposition, but this case is ruled absolutely by our statute, and those decisions can have no application. Perhaps the justice and wisdom of the statute could not be better illustrated than in this case. Canan was pursuing Oliver on a claim on which Oliver was surety. Oliver was compelled to pay, by order of the circuit court (properly, we think), one-half of the judgment (some $3,208.67) to Canan’s attorneys in order to obtain a stay of the other half of the judgment. Then Canan (at the time as now in-' solvent) undertakes to assign the remainder of the *371 judgment and puts the consideration received, the title to the land, first in the name of his son and then (the deed being returned) in the name of his wife in order, as must be apparent, to prevent Oliver subjecting it to his judgment. Comment would seem wholly unnecessary.
We do not stop to consider the contention of counsel for plaintiff in error that the judgment of Oliver v. Canan was a decree in chancery, and hence it was immaterial whether five years had elapsed without execution being issued. The record of the circuit court is shadowy on that point and the case, as we think, may be based confidently upon the grounds hereinbefore stated.
Our conclusion upon the whole case is that the right to set off the balance of the judgment in favor of Oliver against the balance of Canan’s Eichland county judgment against Oliver is not impaired either by the fact that five years had elapsed after rendition of Oliver’s judgment without execution, or the .fact that the judgment of Canan v. Oliver had been assigned for value to one who at the time was ignorant of the indebtedness of Canan to Oliver. The judgment of the circuit court will be reversed and the cause remanded to that court with direction to allow the set-off claimed and for judgment in accordance with this opinion.
Davis, Shauck, Price, Crew and Summers,' JJ., concur.